UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24382-CIV-ZLOCH

DAVID MONTERREY,

   Plaintiff,

vs.              **O R D E R**

SERGIO RODRIGUEZ, et al.,

   Defendants.
_____/

  THIS MATTER is before the Court upon Plaintiff David Monterrey's Verified Motion For Attorneys' Fees And To Tax Costs Pursuant To Local Rule 7.3 (33). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

  On May 31, 2012, the Court entered Default Final Judgment as to Defendant Sergio Rodriguez and advised Counsel for Plaintiff that a separate Motion For Attorney's Fees compliant with Local Rule 7.3 would be entertained. See DE 40. Plaintiff now seeks payment of attorneys' fees under 29 U.S.C. § 216(b).

  When a party moves to recover fees, the courts have a duty to make sure that such an award is reasonable. See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of the exact amount of fees to award is vested in the sound discretion of the Court. The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of

the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2008).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).

Once the hourly rate is set, the Court must determine the reasonable number of hours expended by the attorney in the successful prosecution of the case. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on

2

the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded. Id.

Here, Plaintiff asserts that attorney Anthony M. Georges-Pierre, Esq. litigated this matter in good faith for 2.5 hours at a rate of $350.00 per hour, and that his co-counsel, Brody M. Shulman, Esq. worked for 1.9 hours at a rate of $275.00 per hour. The Court has carefully scrutinized the filings and finds that given these attorneys' relevant training and experience, a reasonable rate for Mr. Georges-Pierre is $300.00 per hour and a reasonable hourly rate for Mr. Shulman is $225.00 per hour. The Court has also carefully scrutinized the descriptions of the work performed by each attorney, and the Court finds that 2.5 hours of work performed by Mr. Georges-Pierre is reasonable and 1.9 hours of work performed by Mr. Shulman is reasonable. Therefore, the Court will award $750.00 in fees for the work performed by Mr. Georges-Pierre, and $427.50 for the work performed by Mr. Shulman, for a total award of fees of $1,177.50.

Plaintiff also moves for reimbursement of costs pursuant to 29 U.S.C. § 216(b). Plaintiff specifically moves for the reimbursement of $350.00 in costs for the applicable filing fees and $350.00 in costs for service of process. Local Rule 7.3(c) provides that a motion for a bill of costs must "attach copies of any documentation showing the amount of costs . . ." Plaintiff has failed to file documentation reflecting an entitlement to the costs he seeks. While the Court is indeed aware of the requisite $350.00

filing fee, the Court has received no documentation of the cost associated with effecting service upon Defendant Sergio Rodriguez. Accordingly, Plaintiff's motion for reimbursement of the $350.00 filing fee will be granted and Plaintiff's request for costs associated with service of process will be denied because of Plaintiff's failure to provide the requisite documentation under Local Rule 7.3(c).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff David Monterrey's Verified Motion For Attorneys' Fees And To Tax Costs Pursuant To Local Rule 7.3 (33) be and the same is hereby **GRANTED.** Plaintiff does have and recover from Defendant Sergio Rodriguez $1,177.50 as attorneys' fees and $350.00 as costs incurred in the successful prosecution of this case, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   23rd   day of August, 2012.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record